UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CARL J. PERRY, JR.,                                                                                                         Plaintiff,

v.                                               Civil Action No. 3:17-cv-P527-DJH

COMMONWEALTH OF KENTUCKY *et al.*,                               Defendants.

\* \* \* \* \*

## **MEMORANDUM OPINION**

This is a 42 U.S.C. § 1983 prisoner civil rights action ostensibly brought by Carl J. Perry, Jr. However, a review of the pleadings prompted the Court to be concerned about the authenticity of Mr. Perry's signatures on both the complaint and the motion for leave to proceed *in forma pauperis* (DNs 1 & 3). Indeed, their unique handwriting style suggested to the Court that they may have been drafted and signed by a frequent-filer in this Court, Mr. Yale Larry Balcar.[1] Thus, the Court directed Mr. Perry to show cause why the action should not be dismissed based upon the apparent forgery of his signature on these documents by Mr. Balcar.

In response to the show cause Order, a document again handwritten in Mr. Balcar's unique style was filed with the Court (DN 6). This document does not refute the fact that Mr. Balcar signed Mr. Perry's name to the complaint or motion for leave to proceed *in forma pauperis*. Rather, it states that Mr. Balcar has "my general power of attorney as a true and lawful person for me and in my name, place and stead and for my use and benefit. Also before Yale

---

[1] Since 2015, Mr. Balcar has filed 12 prisoner civil rights actions in this Court and is now subject to the three-strikes bar of 28 U.S.C. § 1915(g). In five of these actions, Mr. Perry was a co-plaintiff with Mr. Balcar. The complaints in each of these five actions bear the distinct signatures of both Mr. Perry and Mr. Balcar. *See Balcar v. Smith et al.*, No. 3:16-cv-599-TBR (DN 1-3); *Balcar et al. v. Kentucky State Reformatory et al.*, 3:16-cv-665-CRS (DN 1); *Balcar et al. v. Kentucky State Reformatory et al.*, 3:16-cv-687-GNS (DN 1); *Balcar et al. v. Aramark et al.*, 3:17-cv-327-GNS (DN 1-1); and *Balcar et al. v. Kentucky State Reformatory et al.*, 3:17-cv-355-TBR (DN 1). Neither the signature on the complaint nor on the motion for leave to proceed *in forma pauperis* in this action matches Mr. Perry's signatures on the complaints filed in these previous actions.

Larry Balcar had a limit power of attorney on record at KSR about 1 years now. Mr. Balcar has the rights to sign my name and no violation of the Rules and no cause for dismissal of the case." This document is purportedly signed by Mr. Perry himself and by Mr. Balcar for Mr. Perry as "power of attorney." A general power of attorney form is attached to this document as an exhibit (DN 6-1). This form appears to give Mr. Balcar power of attorney for Mr. Perry. This form was purportedly signed by Mr. Perry on October 16, 2017, approximately two months after Mr. Balcar signed Mr. Perry's name to the complaint and motion for leave to proceed *in forma pauperis* in this action.

Rule 11 of the Federal Rules of Civil Procedure requires that "every pleading, written motion, and other paper" be signed "by a party personally if the party is unrepresented." This means that that each unrepresented party must personally sign every pleading, motion, or other paper filed with the Court. Furthermore, 28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ." *See Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (advising that § 1654 "'does not allow for unlicensed laymen to represent anyone else other than themselves'") (citation omitted).

There is no exception in these rules for the use of a "power of attorney." "[I]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998). Thus, any authority that Mr. Balcar may have as power of attorney for Mr. Perry does not authorize him to practice law by representing Mr. Perry in a lawsuit; that can only be done by a licensed attorney. *See Kapp v. Booker*, No. 05-402-JMH, 2006 U.S. Dist. LEXIS 6370, *8 (E.D. Ky. Feb. 16, 2006); *see also Laurie v. Maxwell*, No. CV-

08-004-BLG-RFC, 2008 U.S. Dist. LEXIS 27414, at *2 (D. Mont. Apr. 1, 2008) (finding that non-party who signed motion with "power of attorney" was not licensed to practice law and could not file actions, sign pleadings for or act on behalf of the plaintiff, even with a power of attorney); *Harris v. Philadelphia Police Dept.*, No. 06-CV-2192, 2006 U.S. Dist. LEXIS 76765, at *7 (E.D. Pa. Oct. 20, 2006) ("federal courts do not permit a non-attorney to engage in the unauthorized practice of law by pursuing an action *pro se* with the plaintiff's power of attorney"); *DePonceau v. Pataki*, 315 F. Supp. 2d 338, 341 (W.D.N.Y. 2004) (authority conferred on another by a power of attorney cannot be used to circumscribe state laws that prohibit the practice of law by anyone other than a licensed attorney).

Thus, the Court will dismiss this action by separate Order for failure to comply with Rule 11 of the Federal Rules of Civil Procedure.

Moreover, **Mr. Balcar is WARNED that if he continues to engage in the unauthorized practice of law by signing pleadings or motions on behalf of other individuals, he may be exposed to sanctions, including fines.**

Date: December 19, 2017

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
   Mr. Yale Larry Balcar
   Defendants
4415.011

3